UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                   Case No. 8:05-cr-40-T-23MAP
                                                                8:07-cv-753-T-23MAP
MAURICIO TAYLOR ARCHIBALD,

Defendant.
_____/

## ORDER

Archibald's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for both aiding and conspiring to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel. Archibald pled guilty without a plea agreement and was sentenced to 135 months. The circuit court affirmed (Doc. 210) both the conviction and the sentence.

The following summary of the facts derives from the factual basis in the "Notice of Essential Elements, Penalty, and Factual Basis" (Doc. 54). Archibald was a knowing and willing participant in a drug smuggling venture to distribute nearly two tons of cocaine. Archibald was one of three crew members on board a "go-fast boat" that departed Colombia with the cocaine shipment. The vessel fled at a high rate of speed and dramatically altered its course in attempting to elude capture by the United States Coast Guard. The vessel displayed no registration numbers, flew no flag, nor exhibited any other indicia of nationality. Columbian authorities could not confirm or deny that the vessel held a Columbian registry. Consequently, the Coast Guard determined that the

vessel was without nationality and that it was subject to the jurisdiction of the United States.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Archibald's motion to vacate sentence is without merit.

In ground one Archibald alleges that he was denied the effective assistance of counsel at sentencing. Archibald complains that he was denied a minor role reduction because counsel failed to "portray Archibald's role in this case different from the crew members even though" Archibald had told counsel that "the other crew members were willing to explain to the court that Archibald's role in the case was so abject [sic] that he could not be similiary [sic] situated as the rest of the crew members." Memorandum in support of motion to vacate sentence at 4 (Doc. 2). Defense counsel objected to the

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

pre-sentence investigation report's failure to award Archibald a minor role reduction. At sentencing (Doc. 180) defense counsel argued that Archibald was entitled to a minor role reduction, a request this court rejected. Archibald argues that his counsel was ineffective for not presenting testimony from the other crew members that Archibald's role was minor. He alleges that if counsel had interviewed the other crew members, counsel would have obtained facts necessary for Archibald to meet his burden of proving his minor role. Archibald fails to allege the facts counsel would have obtained and he fails to distinguish his role from the other two crewmen.

The availability of a mitigating role adjustment is governed by §3B1.2, United States Sentencing Guidelines, and United States v. De Varon, 175 F.3d 930 (11th Cir.) (en banc), cert. denied, 528 U.S. 976 (1999), which for the purpose of role determination attributes to Archibald the weight of the contraband cargo on the vessel. Given Archibald's presence on the vessel with other crewmen in possession of almost two tons of high grade cocaine for the purpose of international smuggling, the suggestion that his role is "minor" is facially implausible. The quantity alone is virtually disqualifying. The Eleventh Circuit has adopted this exact result in hundreds of so-called "boat cases." See United States v. Valencia-Aguirre, 409 F.Supp.2d 1358, 1361 n.1 (M.D. Fla. 2006).

In ground two Archibald alleges that the "vessel was not subject to the United States' jurisdiction as a 'vessel without nationality' under § 1903." He contends that the captain of the vessel "identified himself and 'verbally' claimed the vessel's nationality as being Columbian" and that "the U.S. Coast Guard did not attempt to contact Columbia to verify or deny the captain's claim. . . ." Archibald is precluded from advancing this claim

3

because when he pled guilty he agreed with the United States's factual allegation that the Coast Guard contacted Columbian authorities, who could not confirm or deny the vessel's registry. And even if he could advance his challenge, Archibald's claim is without merit. United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003) ("Under the [Maritime Drug Law Enforcement Act], 'a "vessel subject to the jurisdiction of the United States" includes . . . a vessel without nationality.' 46 U.S.C. app. § 1903(c)(1)(A). Additionally, 'a "vessel without nationality" includes . . . a vessel aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed' or 'a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.' Id. at § 1903(c)(2)(A), (C).").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Archibald and close this action.

ORDERED in Tampa, Florida, on \_\_\_\_\_June 8th\_\_\_\_\_, 2007.

_____
Steven D. Merryday
UNITED STATES DISTRICT JUDGE